UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

UNITED STATES OF AMERICA for the       Civil Docket No.
use of BOTTO MECHANICAL CORPORATION
- ANRON AIR SYSTEMS, INC., A JOINT
VENTURE,

                                      (ECF CASE)

                Plaintiff,

    -against-                          **COMPLAINT**

LIBERTY MUTUAL INSURANCE COMPANY,

                Defendant.

-----------------------------------------------------------------x

Plaintiff, United States of America for the use of Botto Mechanical Corporation – Anron Air Systems, Inc., a Joint Venture ("Botto/Anron") by its counsel, Goetz Fitzpatrick LLP, as and for its Complaint against Liberty Mutual Insurance Company ("Liberty"), states and alleges as follows:

## PARTIES

1.   Botto/Anron, the use plaintiff herein, is a joint venture duly organized between Botto Mechanical Corporation, a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 95 Commercial Street, Plainview, New York, 11803 and Anron Air Systems Inc., a corporation duly organized and existing pursuant to the laws of the State of New York with a principal place of business located at 440 Wyandanch Avenue, North Babylon, New York 11704.

2.   Upon information and belief, defendant Liberty (a) is an insurance company organized under the laws of a foreign state, (b) is authorized to conduct business in the State of New York as a payment bond surety and (c) maintains its principal place of business at 175 Berkeley Street, Boston Massachusetts 02116.

## NON - PARTIES

3.     Upon information and belief, non-party U.W. Marx, Inc. ("Marx") is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 20 Gurley Avenue, Troy, New York 12182.

4.     Upon information and belief, non-party Brookhaven Science Associates, LLC ("Brookhaven Science LLC") is a foreign limited liability company, duly organized and existing pursuant to the laws of the State of Delaware, with a principal place of business located at Building #460, Upton, New York 11973.

5.     Upon information and belief, on or before July 25, 2011, Brookhaven Science LLC was under contract with the United States of America, Department of Energy ("U.S. Dept. of Energy") to manage the Brookhaven National Laboratory.

6.     Upon information and belief, Brookhaven Science LLC is an agent of the U.S. Dept. of Energy, which is the owner of the Federal Improvement Project to renovate approximately 89,000 gross square feet of laboratory, office, and support space located within Building 510 and 555 at the Brookhaven National Laboratory, Upton, New York (the "Brookhaven Laboratory Project").

## JURISDICTION AND VENUE

7.     Jurisdiction and venue is conferred upon this court by 40 U.S.C. §270(b) providing for original jurisdiction under 28 U.S.C. §1331 in the United States District Court for the district in which the project is located. Jurisdiction is also conferred by supplemental jurisdiction under 28 U.S.C. §1367.

8.    More than ninety (90) days and less than one year have elapsed since December 9, 2014,

the day on which Botto/Anron supplied the last material and/or furnished the last labor

for which claim is hereinafter made.

## FIRST CAUSE OF ACTION
(Miller Act)

9.    Upon information and belief, on or about July 25, 2011, Marx, as General Contractor,

entered into a prime contract with the U.S. Dept. of Energy, for the construction of the

Brookhaven Laboratory Project, managed by Brookhaven Science LLC under contract to

the U.S. Dept. of Energy ("Prime Contract").

10.   On September 12, 2011, Botto/Anron, as Subcontractor, entered into a contract with

U.W. Marx, as General Contractor, Subcontract No: 1107-005S, whereby Botto/Anron

was to renovate approximately 89,000 gross square feet of laboratory, office and support

space located within Building 510 and Building 555 at the Brookhaven Laboratory

Project, which was a portion of the work which U.W. Marx was to perform pursuant to

the Prime Contract (the "Subcontract").

11.   The Subcontract price was in the base amount of $11,525,000.00.

12.   By virtue of approved change orders issued by U.W. Marx to Botto/Anron, the total price

of the Subcontract was increased to $13,297,687.70.

13.   Upon information and belief, U.W. Marx, as principal, and Liberty, as surety, duly

executed and delivered to the U.S. Dept. of Energy, acting through its agent, the

Brookhaven Science LLC, Payment Bond No: 837052179 ("Marx Payment Bond") for

the protection of all persons supplying labor and material in the prosecution of the work

provided for in the Prime Contract, and that such Marx Payment Bond was executed in

accordance with the provisions of the Miller Act, 40 U.S.C §270(a).  A true and correct

3

copy of the Marx Payment Bond is attached hereto as **Ex. A**.

14.    The Marx Payment Bond was in the form and amount as required by 40 U.S.C. §3131.

15.    Between the dates of September, 2011 and December 10, 2014, Botto/Anron supplied to
U.W. Marx and Brookhaven Science LLC certain labor and materials, all of which were
used or incorporated into the construction of the Brookhaven Laboratory Project.

16.    In breach of its obligations under the Subcontract, U.W. Marx has failed and refused to
pay Botto/Anron the full amounts due and owing for the labor and materials furnished
during the above-referenced time period.

17.    Botto/Anron last supplied and furnished labor and/or materials to the Brookhaven
Laboratory Project on behalf of U.W. Marx and Brookhaven Science LLC on December
9, 2014.  A period of more than 90 days has elapsed since the last date on which
Botto/Anron supplied labor and/or materials to the Brookhaven Laboratory Project and
Botto/Anron has not been paid for its work.  One year has not elapsed since the last date
Botto/Anron performed and furnished work, labor, services and/or materials to the
Brookhaven Laboratory Project.

18.    Botto/Anron fully performed its obligations under the Subcontract, except to the extent
its performance was hindered or prevented by either U.W. Marx or Brookhaven Services,
LLC.

19.    By reason of the above, there became due and owing from U.W. Marx to Botto/Anron for
labor, materials, services supplied and/or furnished to the Brookhaven Laboratory
Project, pursuant to the Subcontract, the sum of $13,576,650 less the amount paid to date
of $12,356,399 for a net sum of $1,220,251 due and owing, plus prejudgment interest, no
part of which has been paid though duly demanded.

20.    Upon information and belief, the work, labor, materials, and services supplied and
       furnished by Botto/Anron on behalf of U.W. Marx, at the Brookhaven Laboratory
       Project, pursuant to the Subcontract, have been accepted by Brookhaven Services, LLC
       and the U.S. Dept. of Energy.

21.    On or about October 14, 2014, Botto/Anron duly served a Proof of Claim with supporting
       documentation upon Liberty against the Marx Payment Bond, claiming the amount of
       $1,651,841.86 which was due and owing from U.W. Marx to Botto/Anron for the unpaid
       work, labor, materials and equipment furnished by Botto/Anron for the benefit of U.W.
       Marx on the Brookhaven Laboratory Project pursuant to the Subcontract. A copy of said
       Proof of Claim cover sheet is attached hereto as **Ex. B**.

22.    On October 20, 2014, Liberty acknowledged receipt of Botto/Anron's Proof of Claim
       against the Marx Payment Bond in the amount of $1,651,841.86 and its supporting
       documentation. A copy of Liberty's October 20, 2014 Confirmation Letter is attached
       hereto as **Ex. C**.

23.    Subsequent to October 20, 2014, Botto/Anron was paid an additional $300,000 from
       Marx, thereby reducing Botto/Anron claim against the Marx Payment Bond to
       $1,205,251.00.

24.    Botto/Anron has complied with all the terms and conditions of the Marx Payment Bond.

25.    Botto/Anron has complied with all the terms and conditions of the Miller Act.

26.    Pursuant to the Miller Act, Liberty as surety under the Marx Payment Bond, is liable for
       the amounts claimed herein by Botto/Anron.

27.    As a result of the foregoing, Botto/Anron has been damaged in the sum of $1,205,251.00
       plus interest and attorneys' fees and is entitled to relief under 40 U.S.C. §3133.

WHEREFORE, plaintiff Botto/Anron, a Joint Venture, prays for judgment as follows:

(i) On the First Cause of Action, judgment against defendant Liberty Mutual Insurance

Company in the sum of $1,205,251.00, together with interest, attorneys' fees and the costs and

disbursements of this action; and

(ii) Such other and further relief as this court may deem just and proper.
Dated: New York, New York
May 8, 2015

GOETZ, FITZPATRICK LLP

By:_____

Donald J. Carbone (DJC-2122)
Maxwell J. Rubin (MR-3467)
Attorneys for Plaintiff
Botto/Anron, a Joint Venture
One Penn Plaza, 31st Floor
New York, NY 10119
(212) 695-8100

To:    Liberty Mutual Insurance Company
       175 Berkeley Street
       Boston, Massachusetts 02116

T:\Mrubin\Anron\UW Marx\Federal Complaint.docx