FILED
CLERK
4/26/2016 1:50 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES for the use and benefit of
BOTTO MECHANICAL CORPORATION-
ANRON AIR SYSTEMS, INC., A JOINT
VENTURE,

       Plaintiff,      MEMORANDUM AND ORDER

 -against-         CV 15-2767 (LDW) (AYS)

LIBERTY MUTUAL INSURANCE COMPANY
and U.W. MARX, INC.,

       Defendants.
------------------------------------------------------------X
WEXLER, District Judge

   Plaintiff Botto Mechanical Corporation/Anron Air System, Inc., a joint venture ("Botto/Anron"), brings this action against defendants Liberty Mutual Insurance Company ("Liberty") and U.W. Marx, Inc. ("Marx"), resulting from a dispute between Marx and Botto/Anron relating to a subcontract agreement for construction and improvements at the Brookhaven National Laboratory ("BNL") in Upton, New York (the "Project"). In the amended complaint, Botto/Anron asserts claims against Marx for breach of contract and unjust enrichment and against Liberty under the Miller Act, 40 U.S.C. §§ 3133-3134. Marx moves to dismiss the claims against it for improper venue and to stay this action, and Liberty moves to stay this action. Botto/Anron opposes the motions.

## I. BACKGROUND

   For purposes of this decision, the background can be summarized as follows. In July 2011, Marx entered into an agreement with the U.S. Department of Energy ("DOE") regarding

the Project ("Prime Contract"). BNL is managed by Brookhaven Science Associates, LLC. ("BSA"). Marx, as principal, and Liberty, as surety, executed and delivered a payment bond to BSA on the Prime Contract (the "Marx Payment Bond"). In September 2011, Marx and Botto/Anron, as subcontractor, entered into a subcontract agreement for certain construction and mechanical work for the Project (the "Subcontract"). Botto/Anron, as principal, and Liberty and Travelers Casualty & Surety Company of America ("Travelers"), as sureties, executed and delivered a performance bond to Marx on the Subcontract (the "Subcontract Performance Bond").

On April 2, 2015, Marx commenced an action by summons with notice in New York State Supreme Court, Rensselaer County, against Botto/Anron, Liberty, and Travelers relating to the Project (the "State Action"). On June 8, 2015, Marx served the complaint in the State Action, asserting claims for, *inter alia*, breach of contract and breach of the Subcontract Performance Bond.

Meanwhile, on May 13, 2015, Botto/Anron commenced this action against Liberty, asserting a Miller Act claim for breach of the Marx Payment Bond (the "Federal Action"). On June 26, 2015, Botto/Anron filed an amended complaint in the Federal Action, again asserting the Miller Act claim against Liberty, but adding Marx as a defendant and asserting claims against Marx for breach of contract and unjust enrichment.

Marx moves to dismiss and stay the Federal Action pending resolution of the State Action. Liberty moves to stay the Federal Action pending the outcome of the State Action in the event that this Court grants Marx's motion to dismiss the state law claims, agreeing to be bound by the result in the State Action. Regarding its motion to dismiss, Marx maintains that

Botto/Anron expressly agreed in §§ 15.2 and 15.4 of the Subcontract that any action by Botto/Anron against Marx must be commenced in New York State Supreme Court, Rensselaer County. Section 15.2 provides, in relevant part: "The Contract shall be governed by the law of the State of New York and any proceeding relating to any claim, dispute or other matter in question arising out of or related to this agreement shall be venued in the Supreme Court of the State of New York, Rensselaer County." Section 15.4 provides: "Any claim by the Subcontractor against the Contractor must be filed with the Court within six (6) months after the Subcontractor's last day of work on the Project site and must be commenced in New York Supreme Court, County of Rensselaer."

Meanwhile, before these motions were fully briefed and submitted to the Court, Botto/Anron moved in the State Action for a stay pending resolution of the Federal Action. By Decision and Order dated February 22, 2016, the state court granted the motion, staying the State Action "pending the determination of the federal breach of contract action and/or the procedural objections thereto." *U.A. Marx, Inc. v. Botto/Anron A Joint Venture*, No. 249686, slip op. at 5 (Sup. Ct., Rensselaer Cnty. Feb. 22, 2016).

## II. DISCUSSION

Under the Miller Act, a contractor awarded a contract for "construction, alteration, or repair of any public building or public work of the Federal Government" must furnish two types of bonds: a "performance bond . . . for the protection of the Government" and a "payment bond . . . for the protection of all persons supplying labor and material." 40 U.S.C. § 3131(b). The Miller Act gives those who "furnished labor or material" for a covered contract the right to bring

an action on the payment bond for any unpaid balance for labor or materials furnished. *Id.* § 3133(b)(1). Under the Miller Act, venue lies in the "United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." *Id.* § 3133(b)(3)(B). This provision is a venue requirement and not a jurisdictional limitation. *See F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 125 (1974); *U.S. ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.,* 70 F.3d 1115, 1116 (10th Cir. 1995); *U.S. ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enters., Inc.*, 62 F.3d 35, 36 (5th Cir. 1995) (per curiam); *U.S. ex rel. Capolino Sons, Inc. v. Elec. & Missile Facilities, Inc.*, 364 F.2d 705, 707 (2d Cir. 1966). As such, the Miller Act's venue provision may be varied by a valid forum selection clause. *U.S. ex rel. B & D Mech. Contractors, Inc.,* 70 F.3d at 1116; *U.S. ex rel. Pittsburgh Tank & Tower, Inc.*, 62 F.3d at 36; *U.S. ex rel. Galvin Bros., Inc. v. Fidelity & Deposit Co.*, No. 14-CV-6051 (JS) (SIL), 2015 WL 5793346, *2 (E.D.N.Y. Sept. 30. 2015), *amended by* 2015 WL 6030267 (E.D.N.Y. Oct. 14, 2015); *U.S. ex rel. Trinity Indus. Servs., LLC v. Fed. Ins. Co.*, No. 5:12-CV-203 (MTT), 2012 WL 4928907, at *2 (M.D. Ga. Oct. 16, 2012). However, such a clause may not alter the exclusive jurisdiction of the federal courts over Miller Act claims. *U.S. ex rel. B & D Mech. Contractors, Inc.,* 70 F.3d at 1116; *U.S. ex rel. Trinity Indus. Servs., LLC*, 2012 WL 4928907, at *2.

Botto/Anron argues that the purported forum selection clauses in the Subcontract are invalid because they mandate that all claims arising out of the Subcontract be filed in state court, precluding the ability to bring a Miller Act claim in federal court. In its reply papers, Marx narrows its argument, maintaining that § 15.4 requires only that subcontractor Botto/Anron file *state law claims* (*i.e.*, non-Miller Act claims) in a state court forum (*i.e.*, Supreme Court,

Rensselaer County), but that it "does not purport to bind Liberty nor require Miller Act suits against Liberty to be venued in state court." Reply Memorandum of Law in Further Support of Defendant U.W. Marx, Inc.'s Motion to Dismiss and Stay, at 3. Marx asserts that it "inserts the language employed in Section 15.4 in all of its construction contracts out of an abundance of caution to ensure that, at a minimum, the subcontractor cannot compel Marx to litigate in [sic] state law breach of contract claims in Federal Court." *Id.* Marx urges that it is appropriate to dismiss for improper venue Botto/Anron's state law claims and stay the Federal Action as against Liberty (on the Miller Act claim) pending the outcome of the State Action (in which, presumably, Botto/Anron would assert its state law claims as counterclaims) to promote judicial efficiency and avoid inconsistent judgments. Liberty urges a stay of the Federal Action pending the outcome of the State Action in the event that this Court grants Marx's motion to dismiss the state law claims. As noted, Liberty agrees to be bound by the result in the State Action.

Notwithstanding Marx's arguments and assertions, neither § 15.2 nor § 15.4 allows Botto/Anron to bring a Miller Act claim in federal court against Marx, even though it is well recognized that a subcontractor-plaintiff may bring a Miller Act claim against the *contractor* alone without joining the surety, or vice-versa. *See* 40 U.S.C. § 3133(b)(1); *U.S. ex rel. Pittsburgh Tank & Tower, Inc.*, 62 F.3d at 36 (action by subcontractor against contractor on Miller Act payment bond); *U.S. ex rel. Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995) ("[A]ll courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act."); *U.S. ex rel. Apex Roofing & Insulation, Inc. v. Union Indem. Ins. Co.,* 865 F.2d 1226, 1227 (11th Cir. 1989) (holding that subcontractor could proceed against contractor alone on Miller Act claim where surety was not served, and observing

that "[j]urisdiction is limited to suits on the bond, not to suits against the surety who issued the bond"); *U.S. ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 945 (4th Cir. 1967) (stating that subcontractor could have sued surety alone without joining contractor, as Miller Act "grants right to sue 'on the payment bond' independent of any right to sue the contractor"); *U.S. ex rel. Trinity Indus. Servs., LLC*, 2012 WL 4928907, at *4 ("Although the extent of the surety's liability may be premised on the breach of the subcontract, a subcontractor-plaintiff may pursue a Miller Act claim against the surety alone without joining the contractor or vice versa."). As such, these clauses are invalid. *See U.S. ex rel. Trinity Indus. Servs., LLC*, 2012 WL 4928907, at *3. Marx nevertheless urges the Court to enforce § 15.4 only as to subcontractor Botto/Anron's *state law claims*. In other words, Marx argues that "a forum selection clause rendered void and unenforceable as to one claim should still be enforced as to the remaining claims," *id.* at *4. Upon consideration, this Court concludes that the forum selection clauses of the Subcontract may not be read to apply only to Botto/Anron's state law claims. Indeed, to apply these provisions to dismiss the state law claims while the Miller Act claim remains pending would yield an "unreasonable result." *Id.* Thus, the Court finds that neither § 15.2 nor § 15.4 is enforceable against Botto/Anron's state law claims. *See id.* Accordingly, Marx's motion to dismiss Botto/Anron's state law claims is denied.

Given the denial of Marx's motion to dismiss the state law claims, Marx's and Liberty's motions to stay the Federal Action are denied, as all claims should be allowed to proceed in the interest of judicial economy. *See id.* at *5.

## III.  CONCLUSION

For the reasons above, Marx's motion to dismiss and stay is denied, and Liberty's motion to stay is denied.

SO ORDERED.

                                                                 _____/s/_____
                                                                  LEONARD D. WEXLER
                                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       April 26, 2016